**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM STUART ANAPOELL,
M.D., on behalf of himself and others
similarly situated ,

　　　　Plaintiff - Appellant,

　　v.

AMERICAN EXPRESS BUSINESS
FINANCE CORPORATION, a Utah
corporation; KEY EQUIPMENT
FINANCE, a Michigan corporation,

　　　　Defendants - Appellees.

No. 08-4114

(D. Utah)

(D.C. No. 2:07-CV-00198-TC)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Plaintiff and appellant William Stuart Anapoell, M.D., acting on behalf of himself and a proposed class,[1] filed his second amended complaint in this contract dispute with defendants, American Express Business Finance Corporation ("AEBF") and Key Equipment Finance, Inc. ("Key"). The district court granted defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Anapoell appeals the dismissal, which we affirm.

## BACKGROUND

On February 18, 2004, Dr. Anapoell entered into a lease for medical equipment from AEBF. The lease transaction was documented by the Master Lease Agreement, the Equipment Schedule to the Master Lease Agreement and the Purchase Order (collectively, the "Agreement"). On October 22, 2004, Key assumed AEBF's lease with Dr. Anapoell.

The Agreement included a provision requiring that the leased medical equipment be insured:

**Insurance; Indemnification:**

Lessee shall at all times maintain liability, fire, damage, casualty (covering death and personal injury) and theft insurance on the Equipment in amounts and with insurers acceptable to Lessor, and shall list Lessor and each Assignee as an additional and loss payee

---

[1]Dr. Anapoell styles this case as a class action, but, as the district court observed, "no motion to certify the proposed class has been filed with the court, so no class has been approved." 5/28/08 Order at 1 n.1, Appellant's App. Vol. 1 at 117.

thereon. Such insurance policies shall require the insurer to provide Lessor with at least 30 days prior written notice of any material change in or cancellation of such insurance. In the event that Lessor determines that any such insurance is not in effect, Lessor may (but shall not be required to) obtain such insurance at Lessee's expense.

Agreement at ¶ 8, Appellant's App. Vol. 1 at 35. The Agreement provided that Utah law governs its terms. Although the Agreement gave Dr. Anapoell the option to obtain insurance for the medical equipment, he did not do so. Accordingly, AEBF obtained insurance for the equipment leased by Dr. Anapoell and sent to Dr. Anapoell monthly invoices as follows: $157.35 for property insurance and $90.48 for liability insurance, for a total of $247.83 per month. After Key acquired the lease from AEBF, it continued to send the same monthly invoice to Dr. Anapoell. For a period of time, Dr. Anapoell paid the monthly invoices without incident.

At some point, Dr. Anapoell determined that he was paying too much for the insurance. He therefore brought this action, alleging that "[t]he charges were more than Defendants' expense to obtain insurance coverage." First Amended Compl. ¶ 33, Appellant's App. Vol. 2 at 34. Dr. Anapoell further alleged that "the charge bears no correlation or reasonable relationship to any contractual obligation of its customers or the cost of insurance coverage." First Amended Compl. ¶ 22, id. at 33. He claimed that "Defendants' insurance charge . . . includes amounts other than for coverage obtained by Defendants, in that Defendants retain a part of the insurance charge as a service fee and/or interest, or

Defendants . . . receive payments from insurance agents or insurance companies under the guise of reinsurance cessations, service fees, commissions or rebates." First Amended Compl. ¶ 19, id.

Dr. Anapoell brought this action on behalf of himself as well as a proposed national class and a proposed subclass of similarly situated persons in California, although, as indicated, he has not filed a motion to certify a class. He originally filed his suit in the United States District Court for the Southern District of California, but that court ruled that venue was improper, based upon a valid forum selection clause in the Agreement, and transferred the case to the district court in Utah.

Dr. Anapoell asserted ten causes of action in his First Amended Complaint, including breach of contract and breach of the implied covenant of good faith and fair dealing. Defendants brought motions to dismiss the entire complaint on the basis that Dr. Anapoell had not alleged claims upon which the court could grant relief and that his fraud allegations did not meet the heightened pleading standard required by Fed. R. Civ. P. 9(b).[2] The district court dismissed Dr. Anapoell's claim for breach of contract without prejudice, stating: "[g]iven the silence of the Agreement regarding the amount Defendants could charge, the court simply cannot find that Dr. Anapoell has stated a claim for breach of contract with the

_____

[2]Dr. Anapoell alleged several fraud claims, including fraudulent concealment and violations of the Utah Unfair Practices Act, the UCC and the California Business and Professions Code through fraudulent business practices.

vague and conclusory allegations he provides. . . . To the extent he can validly allege a breach with more definiteness, then the court will consider granting leave to amend." 11/29/07 Order at 8, Appellees' Supp. App. at 60. The court similarly dismissed Dr. Anapoell's implied covenant claim without prejudice, stating "[h]is current allegations, which do not contain any detail concerning his claim, are simply too vague and conclusory to satisfy his pleading burden." 11/29/07 Order at 10, id. at 62. Dr. Anapoell's remaining claims were dismissed with prejudice.

Dr. Anapoell filed a motion for leave to amend, which defendants did not oppose. The district court accordingly granted the motion. Dr. Anapoell then filed his Second Amended Complaint, in which he alleged:

> Defendants' monthly insurance charge includes amounts over the true insurance premium plus reasonable expenses to obtain that insurance in that the monthly insurance charge includes a "billing and collecting" fee (with no corresponding cost to Defendants) and/or undisclosed interest at grossly excessive rates for Defendants' "financing" of the premium (with rates well over the cost of any actual funds advanced); and/or that the monthly charge includes amounts over the true insurance premium and reasonable expenses to obtain that insurance because Defendants (or their alter ego affiliates) receive payments from insurance agents or insurance companies under the guise of reinsurance cessations, service fees, commissions or rebates with no corresponding costs or risk.

Second Amended Compl. ¶¶ 16, 24, Appellant's App. Vol. 1 at 15, 16.

Dr. Anapoell asserted, alternatively, that the "Defendants breached the Agreement by failing to ascertain their expense for obtaining insurance by

-5-

charging [Dr. Anapoell] and class members some random amount." Second

Amended Compl. ¶ 34, id. at 19. He further alleged that:

> The charges assessed for insurance are so disproportionate with the true expense of obtaining insurance that the purpose of the charge could not have been related to insurance as mandated by the contract's terms, but instead is a disguised profit center allowing Defendants to secretly charge more for leasing the equipment to Plaintiffs than Plaintiffs agreed to pay.

Second Amended Compl. ¶ 39, id. at 20.

AEBF and Key responded with another motion to dismiss, contending that

Dr. Anapoell's Second Amended Complaint should be dismissed with prejudice

because he does not state a claim for which relief may be granted. The district

court granted defendants' motions, concluding, with respect to the breach of

contract claim:

> The court finds that the language of the Insurance Provision is unambiguous. The provision allows the Defendants, without limitation or qualification, to obtain insurance upon [Dr. Anapoell's] failure to do so and to charge [Dr. Anapoell] for the expense of obtaining the insurance. . . .
> . . . Essentially, Dr. Anapoell interprets "Lessee's Expense" to mean "Lessor's Actual Cost and No More." But Dr. Anapoell cannot and does not point to any express term in the Agreement to support his interpretation. . . .
> Dr. Anapoell is reading language into the Agreement that does not exist, and he does not allege any course of dealing between the parties or usage of trade that would suggest the limitation he now advocates. The court need not, and does not, accept Dr. Anapoell's interpretation of the Agreement because it is contradicted by the express terms of the Agreement.

5/28/08 Order at 7, Appellant's App. Vol. 1 at 123.  After determining that other allegations relating to the breach of contract claim were conclusory, the court found that "Dr. Anapoell alleges breach of a promise that was never made and fails to meet his pleading burden concerning a promise that was made.  For these reasons, his claim for breach of contract is dismissed with prejudice for failure to state a claim for relief that may be granted."  5/28/08 Order at 9, id. at 125.  The court further observed that "allowing further amendments would be futile."  Id. n.5.

With respect to Dr. Anapoell's claim for breach of implied covenant of good faith and fair dealing, the district court found, applying Utah law, that:

> . . . the implied covenant may not be interpreted to make a better deal for the party than he made for himself.
>
> When determining whether a party has breached the implied covenant of good faith and fair dealing the court looks to the express contractual provisions as well as the course of dealings between the parties. . . .
>
> He contends that the Defendants breached the covenant by charging grossly excessive fees.  Not only is this conclusory, but it attempts to establish new, independent rights or duties not agreed upon by the parties—namely, an unwritten requirement that the Defendants may only "pass on" their actual insurance-related expenses to Dr. Anapoell.
>
> . . . [Further], the express terms of the Insurance Provision (Dr. Anapoell's right and obligation to obtain insurance on his own) imposed a limitation on Defendants' exercise of discretion.
>
> In short, Dr. Anapoell's expectations are not justified.  Taking the well-pleaded non-conclusory allegations as true, Dr. Anapoell's right to receive the fruits of the contract was not destroyed by the Defendants.  And that is what must be shown to survive the Defendants' motions to dismiss.

5/28/08 Order at 10-12, <u>id.</u> at 126-28. The court again found that "[g]iven the number of chances [Dr. Anapoell] has had to satisfactorily plead his claims, granting further leave to amend would be futile." 5/28/08 Order at 12 n.6, <u>id.</u> at 128. The district court accordingly dismissed Dr. Anapoell's claims for breach of contract and breach of the implied covenant of good faith and fair dealing with prejudice, for failure to state a claim. This appeal followed.

Dr. Anapoell argues that district court misinterpreted the "contractual provision requiring Defendants to charge only their 'expense' of obtaining insurance and nothing more"; that he "alleged violations of the insurance provision with sufficient factual elaboration"; and that the district court "misapplied standards relating to the implied covenant of good faith and fair dealing." Appellant's Op. Br. at i-ii. We disagree, and affirm the district court's dismissal of the Second Amended Complaint with prejudice.

## DISCUSSION

"Because the sufficiency of a complaint is a question of law, we review de novo the district court's grant of a motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6), applying the same standards as the district court." <u>Russell v. United States</u>, 551 F.3d 1174, 1178 (10th Cr. 2008) (quotations omitted).

In the Rule 12(b)(6) context, we look for plausibility in the complaint.  In particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.

Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations and quotations omitted).

We have thoroughly reviewed the record in this case, and we affirm the district court's order for substantially the reasons contained in that order.  We also conclude that the district court did not abuse its discretion in determining that further amendment of the complaint in this case would be futile.

## CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge